26-TP-60014-Damian

| PROB 22 (Rev. 1/2023) | | DOCKET NUMBER *(Tran. Court)* 25-00505-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* 26-TP-60014-Damian |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Dawn Perry | New Jersey | Newark |

> FILED BY_____KHR_____D.C.
>
> **Jun 9, 2026**
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - FTL

| NAME OF SENTENCING JUDGE |  |  |
|---|---|---|
| The Honorable Judge Melissa Damian |  |  |
| DATES OF PROBATION/ SUPERVISED RELEASE: | FROM | TO |

**OFFENSE**

18:1349.F, Attempt And Conspiracy To Commit Fraud.

JUSTIFICATION/REASON FOR TRANSFER (e.g., financial ties, employment/education opportunities, violation of supervision)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE New Jersey

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

June 1, 2026
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District of Florida

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

June 4, 2026
_____
*Effective Date*

_____
*United States District Judge*

Query    Reports    Utilities    WorkFlows    Schedule    Help

What's New    Log Out

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:25-cr-00505-SDW-1

Case title: USA v. PERRY

Date Filed: 08/12/2025

Date Terminated: 08/12/2025

Assigned to: Judge Susan D. Wigenton

**Defendant (1)**

**DAWN PERRY**
*TERMINATED: 08/12/2025*

| Pending Counts | Disposition |
|---|---|
| 18:1349 CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD (dof 2/28/2022) (1) | |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|

| 08/12/2025 | 1 | ORDER of TRANSFER OF JURISDICTION as to DAWN PERRY from USDC for the Southern District of Florida. Signed by Judge Susan D. Wigenton on 8/12/2025. (msd) (Entered: 08/14/2025) |
|---|---|---|
| 08/14/2025 | 2 | TRANSFER OF JURISDICTION for Supervision of Releasee DAWN PERRY. Retrieved certified copies of information, amended judgment and docket sheet from USDC for the Southern District of Florida via PACER. (Attachments: # 1 Information, # 2 Amended Judgment, # 3 Docket Sheet)(msd) (Entered: 08/14/2025) |
| 08/14/2025 | 3 | Transfer of Jurisdiction case from Clerk of Court U.S. Federal Building and Courthouse 299 East Broward Boulevard #108 Fort Lauderdale, FL 33301 Case No: 0:24-cr-60189-MD-1. (msd) (Entered: 08/14/2025) |
| 05/21/2026 | 4 | ORDER Modifying Conditions of Supervised Release re: RESTITUTION as to DAWN PERRY, (Finance Notified). Signed by Judge Susan D. Wigenton on 5/21/2026. (msd) (Entered: 05/21/2026) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# 24-60189-CR-DAMIAN/VALLE
CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 982(a)(2)(A)

**UNITED STATES OF AMERICA**

vs.

**DAWN PERRY,**

         **Defendant.**

_____/

> FILED BY _____ Mp _____ D.C.
>
> *Sep 24, 2024*
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - Miami

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At all times material to this Information:

**The Paycheck Protection Program**

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted March 27, 2020, to provide financial assistance to Americans suffering economic harms from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program ("PPP").

2. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to provide, among other

things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

3.      Businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. In general, an employer is obligated to report to the Internal Revenue Service ("IRS"), with an IRS Form 941, the number of salaried employees who receive IRS W-2s.

4.      A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were fully guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, listed number of employees, and the reports and documents regarding the business's income and expenses, were transmitted by the lender to the SBA in the course of processing the loan.

5.      PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Financial Institutions

6.      Bank 1 was a financial institution based in Salt Lake City, Utah, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

2

7. Bank 2 was a financial institution based in New York City, New York, with branches in Florida, and deposits insured by the FDIC. Bank 2 was an approved SBA lender of PPP loans.

8. Bank Processor 1 was a third-party company processor based in San Jose, California, that processed PPP loan applications for Bank 1.

### The Defendant, Individuals 1 and 2, and Related Entities

9. Mob1le Tax, LLC ("Mob1le Tax") was a New Jersey limited liability company with its listed address in Edison, New Jersey.

10. Defendant **DAWN PERRY** was a resident of Middlesex County, New Jersey, was a registered tax preparer, and, at all relevant times, was the owner of Mob1le Tax.

11. Wolf of Flagler, LLC ("Wolf of Flagler") was a Florida limited liability company with its listed address in Ft. Lauderdale, Florida.

12. 5th Marketing Group ("5th Marketing") was a Florida limited liability company with its listed address in Pompano Beach, Florida.

13. Crates Tavern, LLC ("Crates Tavern") was a Florida limited liability company with its listed address in Pompano Beach, Florida.

14. Damian Davis was a resident of Broward County, Florida, and was an authorized member of Wolf of Flagler, 5th Marketing, and Crates Tavern.

15. Associates of Advanced Physical Medicine, PLLC ("Associates of Advanced Physical Medicine") was a Florida professional limited liability company with its listed address in Pompano Beach, Florida.

16. Physical Therapy Now Pompano Beach, PLLC ("Physical Therapy Now") was a Florida professional limited liability company with its listed address in Pompano Beach, Florida.

3

17.     Individual 2 was a resident of Broward County, Florida, and was an authorized member of Associates of Advanced Physical Medicine and Physical Therapy Now.

## CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD
### (18 U.S.C. 1349)

From in or around June 2020, through in or around February 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### DAWN PERRY,

did willfully, that is, with intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Damian Davis, Individual 2, and others known and unknown to the United States Attorney, to commit offenses against the United States, that is:

a.     to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice would employ a material falsehood, and to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2); and

b.     to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

18.    It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans; (b) offering, paying, and receiving kickbacks in return for the submission of false and fraudulent applications for PPP loans; and (c) diverting fraud proceeds for the personal use of defendant and her co-conspirators, the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

19.    **DAWN PERRY** created an online loan application account with Bank Processor 1 for Crates Tavern.

20.    **DAWN PERRY** created online loan application accounts with Bank 2 for Wolf of Flagler, 5th Marketing, Associates of Advanced Physical Medicine, and Physical Therapy Now.

21.    **DAWN PERRY** and Damian Davis submitted and caused the electronic submission of a fraudulent PPP loan application for Crates Tavern, via interstate wire communications, through Bank Processor 1's online portal.

22.    **DAWN PERRY**, Damian Davis, and Individual 2 submitted and caused the electronic submission of fraudulent PPP loan applications for Wolf of Flagler, 5th Marketing, Associates of Advanced Physical Medicine, and Physical Therapy Now, via interstate wire communications, through Bank 2's online portals.

23.    In support of the PPP loan applications, **DAWN PERRY** and her co-conspirators submitted and caused the submission of false and fraudulent information and documentation,

including falsified payroll and business tax forms, among other things, and they falsely and fraudulently represented the businesses' number of employees and the amount of monthly payroll.

24.     As a result of the false and fraudulent PPP loan applications submitted to Bank Processor 1 and Bank 2 as part of this scheme, Bank 1 and Bank 2 disbursed approximately $1,129,184 in PPP loan proceeds into depository accounts controlled by co-conspirators Damian Davis and Individual 2. Thereafter, **DAWN PERRY** expected to receive kickbacks from Damian Davis and Individual 2.

25.     **DAWN PERRY's** co-conspirators used the proceeds from the fraud scheme for their own use, the use of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DAWN PERRY**, has an interest.

2.     Upon conviction of a violation of a conspiracy to violate Title 18, United States Code, Sections 1343 and 1344, as alleged in this Information, the defendant shall forfeit to the United States any property, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2).

All pursuant to Title 18, United States Code, Section 982(a)(2), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).


_____ for.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY


_____

BERTILA LILIA FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**v.**

**DAWN PERRY**

_____/
Defendant.

**CASE NO.:** 24-60189-CR-DAMIAN/VALLE

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☒ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒  0 to  5 days
   II  ☐  6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Dimitrouleas        Case No. 22-60186-CR-WPD

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _Bertila Fernandez_ _____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Dawn Perry

**Case No:**

Count #: 1

Conspiracy to Commit Bank Fraud and Wire Fraud

Title 18, United Stated Code, Section 1349

**\* Max. Term of Imprisonment: 30 Years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 Years**
**\* Max. Fine: $1,000,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| DAWN PERRY, | ) | |
| | ) | **24-60189-CR-DAMIAN/VALLE** |
| _____ | ) | |
| *Defendant* | ) | |

### WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

<u>Bruce Fleisher</u>
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **0:24-CR-60189-MD(1)** |
| **DAWN PERRY** | § USM Number: **42148-511** |
| | § |
| | § Counsel for Defendant: **Bruce Harris Fleisher** |
| | § Counsel for United States: **Bertila Lilia Fernandez** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to Count **One of the Information** | |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of this offense:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1349 / Conspiracy to Commit Bank Fraud and Wire Fraud | February 28, 2022 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s) ☐ is   ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**May 2, 2025**
_____
Date of Imposition of Judgment


_____
Signature of Judge

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 6, 2025**
_____
Date

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                              Judgment -- Page 2 of 7

DEFENDANT:        DAWN PERRY
CASE NUMBER:      0:24-CR-60189-MD(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Time served.**

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at                           ☐   a.m.      ☐   p.m.      on

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on
☐   as notified by the United States Marshal.
☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case

Judgment -- Page 3 of 7

DEFENDANT:        DAWN PERRY
CASE NUMBER:      0:24-CR-60189-MD(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **four (4) years.** During the first year of supervised release, the defendant shall be subject to home confinement, with a curfew in effect from 8:00 PM to 6:00 AM, with GPS monitoring.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case

Judgment -- Page 4 of 7

DEFENDANT:          DAWN PERRY
CASE NUMBER:        0:24-CR-60189-MD(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____        Date _____

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case

Judgment -- Page 5 of 7

DEFENDANT:        DAWN PERRY
CASE NUMBER:      0:24-CR-60189-MD(1)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating with  her co-conspirators while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Related Concern Restriction:** The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

**Self-Employment Restriction:** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                                      Judgment -- Page 6 of 7

DEFENDANT:          DAWN PERRY
CASE NUMBER:        0:24-CR-60189-MD(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | To be determined |  |  |  |

☒    The determination of restitution is deferred until May 28, 2025, at 2:00 PM in Fort Lauderdale An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐    the interest requirement is waived for the        ☐    fine                 ☐    restitution

    ☐    the interest requirement for the                      ☐    fine                 ☐    restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **TBD.** During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                      Judgment -- Page 7 of 7

DEFENDANT:        DAWN PERRY
CASE NUMBER:      0:24-CR-60189-MD(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.